IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:20-cv-00565-MR

ANTHONY L. HARRIS, )
 )
         Plaintiff, )
 )
vs. )
 )
RAVEN DAWN MAC, et al., ) **ORDER**
 )
         Defendants. )
_____ )

**THIS MATTER** is before the Court on initial review of the Amended Complaint. [Doc. 14]. Also pending is Plaintiff's Motion for Leave to File an Amended Complaint. [Doc. 13]. The Plaintiff is proceeding *in forma pauperis*. [Doc. 9].

The *pro se* Plaintiff filed the Complaint pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Lanesboro and Granville Correctional Institutions.[1] [Doc. 1]. On June 7, 2021, the Complaint passed

---

[1] The Plaintiff filed the Complaint from the Central Prison in Raleigh; he is presently incarcerated at Granville CI, formerly known as Polk CI.

initial review in part, was dismissed in part, and the Plaintiff was granted the opportunity to amend.[2]  [Doc. 12].

The Plaintiff has now filed an Amended Complaint that is before the Court for initial review.  [Doc. 14].  While the Amended Complaint is based on the same events as alleged in the original Complaint, the Plaintiff now seeks to name additional Defendants, including Lanesboro CI and multiple John Doe Defendants.

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding *in forma pauperis*, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios.

---

[2] The Plaintiff's Motion for Leave to Amend was docketed on June 11, 2021, after the Order on initial review was entered.  [Doc. 13].  Because the Plaintiff was granted leave to amend in the Order, the Motion is denied as moot.

2

Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

### A. Parties

The Plaintiff names the Lanesboro Correctional Institution as a Defendant. [See Doc. 14 at 1, 12]. Prisons are not subject to suit under § 1983. See generally Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under § 1983."); see, e.g., Fox v. Harwood, 2009 WL 1117890 at *1 (W.D.N.C. April 24, 2009) (neither NCDPS nor any of its facilities are "persons" under § 1983). Therefore, to the extent that the Plaintiff intended to assert claims against the Lanesboro CI, such claims are dismissed with prejudice.

Further, the Plaintiff extensively relies on pronouns and vague terms such as "they," "officers," and "unidentified officers" rather than identifying the individual(s) involved in each allegation. To the extent that the Court is

unable to determine to whom the Plaintiff refers, these claims are too vague and conclusory to proceed and are dismissed without prejudice.

B.  **Excessive Force & Sexual Abuse**

The Plaintiff alleges that: Defendants Collins, Carol, John Does # 1 and 2, Jones, Mac, and White used excessive force and/or sexually assaulted him; and Defendants Andrews, Blackwell, Collins, Carol, John Doe # 2, Jones, and West failed to intervene. Having reviewed the allegations of the Amended Complaint, the Court concludes that the Plaintiff has sufficiently asserted Eighth Amendment claims for the use of excessive force and sexual abuse against Defendants Mac, Collins, Carol, Jones, White, and John Does #1 and #2; and for failure to intervene against Defendants Blackwell, Collins, Carol, John Doe #2 and Jones to pass initial review. These claims, therefore, will be permitted to proceed.

The failure to intervene claims against Defendants Andrews and West fail for the same reasons that these claims were dismissed on initial review of the original Complaint. [See Doc. 12 at 10].

C.  **Deliberate Indifference to a Serious Medical Need**

The Plaintiff alleges that Defendants John Does # 1 and 2, Jones, West, and White refused to provide him with a decontamination shower to remove the pepper spray, or any other medical assistance.

4

Having reviewed the allegations of the Amended Complaint, the Court concludes that the Plaintiff has sufficiently asserted a claim that Defendants John Does # 1 and 2, Jones, West, and White were deliberately indifferent to a serious medical need to pass initial review, and these claims will be permitted to proceed.

### D. Conditions of Confinement

The Plaintiff alleges that: Defendants Abernathy, Collins, John Doe #1 and 2, Jones, and White left the Plaintiff on the floor in full restraints for six hours until he was found unresponsive; and Defendant Andrews knew of Plaintiff's "distressed condition" in the cell and failed to aid him.[3] [Doc. 14 at 19]

The Plaintiff's allegations that Defendants Abernathy, Andrews, Collins, John Doe #1 and 2, Jones, and White knowingly exposed him to inhumane conditions of confinement sufficiently assert an Eighth Amendment claim to pass initial review, and such claims will be allowed to proceed.

---

[3] The Plaintiff does not appear to assert that Defendant Andrews was deliberately indifferent to a serious medical need. Had the Plaintiff asserted such a claim, it would be dismissed because the allegation that Defendant Andrews knew of Plaintiff's "distressed condition" is too vague to plausibly allege that Andrews knew of, and ignored, a serious medical need.

5

### E. Due Process

The Plaintiff alleges that Defendants John Does #3 through 8, Ingram, Lambert, and Tharrington transferred him to a prison with highly restrictive conditions without due process. He also appears to allege that Defendant Philemont inadequately investigated the incident.

The Plaintiff's allegations that Defendants John Does #3 through 8, Ingram, Lambert, and Tharrington transferred him to a highly restrictive prison without due process are sufficient to pass initial review and will be permitted to proceed. However, the Plaintiff has failed to state a due process claim against Defendant Philemont. As a general matter, the Due Process Clauses "confer[s] no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 196 (1989); see, e.g., Vinyard v. Wilson, 311 F.3d 1340, 1356 (11th Cir. 2002) (arrestee had no constitutional right to internal investigation of excessive force claim); Wise v. Wilson, No. 1:15-cv-1705, 2017 WL 71656 (E.D. Va. Jan 6, 2017) (no constitutional right to have a PREA complaint investigated). As the Plaintiff had no right to an investigation, he has no § 1983 claim for Defendant Philemont's alleged

6

mishandling of his statement regarding the incident. Therefore, his claim against Defendant Philemont is dismissed.

## F. Retaliation

The Plaintiff appears to allege that Defendants Ingram, Lambert, Tharrington, and John Does #3 through 8 transferred Plaintiff to another prison in retaliation for the July 4, 2018 incident and his communication with NCIC.

The Court concludes that the Plaintiff has minimally alleged a retaliation claim against Defendants Ingram, Lambert, Tharrington, and John Does #3 through 8 to pass initial review. This claim, therefore, will be allowed to proceed.

## G. Property Deprivations

The Plaintiff reasserts his allegations that a pair of shoes was taken and never returned to him, and that property in his cell was destroyed. For the reasons stated in the Court's Order conducting an initial review of the original Complaint [Doc. 12 at 16-17], this claim is dismissed.

## H. Supplemental Jurisdiction

Finally, the Plaintiff asserts that the officers who allegedly used excessive force against him are liable for assault and battery under North Carolina law. For the reasons stated in the Court's Order conducting an initial

7

review of the original Complaint [Doc. 12 at 22-23], the Court will exercise supplemental jurisdiction over these state law claims at this time.

The Plaintiff further attempts to assert negligence claims against: Defendants Blackwell, Collins, Carol, John Doe #2, and Jones for failing to prevent John Doe #1 from pulling Plaintiff's arm through the trap; against Defendants John Does #1 and 2, Jones, West, and White for failing to provide medical assistance; and against Defendant Andrews for failing to assist Plaintiff when he was left on the floor of his cell. Upon review of these allegations, the Court concludes that the Plaintiff has minimally presented negligence claims, and that these claims are related to § 1983 claims that have passed initial review. The Court will, accordingly, exercise supplemental jurisdiction over the Plaintiff's negligence claims at this time.

## IV. CONCLUSION

In sum, Plaintiff has sufficiently presented claims for: excessive force/sexual abuse against Defendants Carol, Collins, Jones, John Does #1 and #2, Mac, and White; failure to intervene against Defendants Blackwell, Carol, Collins, Jones, and John Doe #2; deliberate indifference to a serious medical need against Defendants John Does # 1 and 2, Jones, West, and White, and; inhumane conditions of confinement against Abernathy, Andrews, Collins, John Does #1 and 2, Jones, White, and; due process

8

violations against Ingram, John Does #3 through 8, Lambert, and Tharrington; and retaliation against Ingram, John Does #3 through 8, Lambert, and Tharrington. The Court will exercise supplemental jurisdiction over the Plaintiff's North Carolina assault and battery claims against Defendants Blackwell, Carol, Collins, Jones, Mac, White, and John Does #1 and #2; and negligence claims against Defendants Andrews, Blackwell, Carol, Collins, John Does #1 and 2, Jones, West, and White. The remaining claims are dismissed without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The excessive force/sexual abuse claims against Defendants, Carol, Collins, Jones, John Does #1 and 2, Mac, and White; failure to intervene against Defendants Blackwell, Carol, Collins, Jones, and John Doe #2; deliberate indifference to a serious medical need against Defendants John Does #1 and 2, Jones, West, and White; inhumane conditions of confinement against Defendants Abernathy, Andrews, Collins, John Does #1 and 2, Jones, and White; due process violations against Defendants Ingram, John Does #3 through 8, Lambert, and Tharrington; and retaliation against Defendants Ingram, John Does #3 through 8, Lambert, and Tharrington have passed initial

9

review in their individual capacities. The Court will exercise supplemental jurisdiction over the Plaintiff's North Carolina assault and battery claims against Defendants Blackwell, Carol, Collins, Jones, Mac, White, and John Does #1 and #2; and negligence claims against Defendants Andrews Blackwell, Carol, Collins, John Does #1 and 2, Jones, West, and White.

2. The Plaintiff's claims against Lanesboro CI are **DISMISSED WITH PREJUDICE.**

3. The remaining § 1983 claims are **DISMISSED WITHOUT PREJUDICE**.

4. The Plaintiff's Motion for Leave to File an Amended Complaint [Doc. 13] is **DENIED AS MOOT.**

5. The Clerk shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants Abernathy, Andrews, Blackwell, Carol, Collins, Ingram, John Does # 1 through 8, Jones, Lambert, Mac, Tharrington, West, White, who are alleged to be current or former employees of NCDPS.

6. **IT IS FURTHER ORDERED** that the Clerk is respectfully instructed to mail the Plaintiff an Opt-In/Opt-Out form pursuant to the Standing Order in Misc. Case No. 3:19-mc-00060-FDW.

**IT IS SO ORDERED.**

Signed: November 22, 2021

Martin Reidinger
Chief United States District Judge