IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:20-cv-00565-MR

| | |
|---|---|
| **ANTHONY L. HARRIS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **RAVEN DAWN MAC, et al.,** ) | **ORDER** |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Defendants Jeremy Carroll, Albert Keith Lambert, and Raven Dawn Mac's Motion to Deem Answer Timely Filed [Doc. 36]; the Plaintiff's pro se "Reply to Defendants' Answer…" [Doc. 37]; and the Plaintiff's Letter [Doc. 38] that is construed as a Motion to Supplement, for an Extension of Time, and to Stay.

The pro se incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983. On November 22, 2021, the Amended Complaint passed initial review with regard to incidents that allegedly occurred at the Lanesboro CI in 2018 against the following Defendants: Melissa Dee Abernathy, Shatoya Blackwell, and Raven Dawn Mac, Lanesboro CI sergeants; Kevin C. White, a Lanesboro CI lieutenant; Dewayne Harlan Andrews, Jeremy Carroll, Sandra J. Collins, Phillip I. Bracco, Kevin Messier, and Derrick

Alexander Jones, Lanesboro CI correctional officers; Dena L. West, a Lanesboro CI nurse; Kevin J. Ingram and Albert Keith Lambert, Lanesboro CI unit managers; DeRay Kirby, Mark C. Poplin, and Edward Gazoo, Lanesboro CI facility classification committee members; Allen Shane Tharrington, NCDPS classification managers; Larry Thomas Thompson, Stephen Jacobs, and George W. Baysden, Jr., NCDPS directors of classification committee. [Doc. 15]. NCDPS waived service for Defendants Ingram, Blackwell, White, West, Collins, Kirby, Gazoo, Poplin, Thomspon, Jacobs, and Baysden, and provided under seal the last known addresses for the remaining Defendants. [Docs. 20, 21]. The Court directed the U.S. Marshals Service to attempt to serve the remaining Defendants, but the Marshals were unable to locate and serve Defendants Abernathy, Bracco, and Jones. [Docs. 24, 31].

Defendants Andrews, Baysden, Blackwell, Collins, Gazoo, Ingram, Jacobs, Kirby, Messier, Poplin, Tharrington, Thompson, West, and White filed an Answer on May 23, 2022. [Doc. 29]. On May 31, 2022, the Court entered an Order requiring the Plaintiff to show cause, within 14 days, why Defendants Abernathy, Bracco, and Jones should not be dismissed for lack of service pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. [Doc. 32]. The Court also ordered the Plaintiff to take further action, within

2

14 days, against Defendants Carroll, Lambert, and Mac, who were served but failed to answer the Amended Complaint. [Id.].

Regarding service, the Plaintiff states that no further attempts to serve Defendants Abernathy, Bracco, and Jones are required, and that he does not object to their dismissal from this action without prejudice. [Doc. 37-1 at 1]. The Court, therefore, will dismiss Defendants Abernathy, Bracco, and Jones from this action without prejudice.

As to Defendants Carroll, Lambert, and Mac, the Plaintiff filed a "Declaration for Entry of Default" on June 3, 2022,[1] arguing that default should be entered against them because they failed to answer within 60 days of service. [Doc. 33]. On June 13, 2022, Defendants Carroll, Lambert, and Mac filed an Answer [Doc. 35] and a Motion to Deem the Answer as Timely Filed [Doc. 36]. They state that they requested that the North Carolina Department of Justice represent them but that, due to the timeframe of service and the deadline to answer, counsel was unable to obtain the necessary documents to complete the process for obtaining approval to represent them under the Defense of State Employees Act (DSEA). [Id.].

---

[1] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

3

The Plaintiff has not filed a Response to the Defendants' motion, and the time to do so has expired.

A court may extend the time when an act may or must be done, for good cause, on a motion made after the time has expired if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect requires consideration of equitable factors such as "danger of prejudice … the length of delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was in the control of the movant, and whether the movant acted in good faith." Pioneer Inv. Serv. Co. v. Brunswick Assoc., 507 U.S. 380, 395 (1993).

Counsel has demonstrated that the failure to timely file an Answer on Defendants' behalf was due to a delay in obtaining authorization for counsel to represent them under DSEA. Further, the Court finds that the Plaintiff will not be prejudiced, and that granting the Motion will not unduly delay these proceedings. Accordingly, the Motion will be granted and the Defendants Carroll, Lambert, and Mac's Answer [Doc. 35] is accepted as timely filed.

The Plaintiff has filed a "Reply to Defendants' Answer…" in which he purports to respond to the defenses presented by Defendants Carroll, Lambert, and Mac. [Doc. 37]. The Federal Rules of Civil Procedure provide that a reply to an answer may be filed "only" if the court orders one. Fed. R.

4

Civ. P. 7(a)(7). The Court has not ordered the Plaintiff to respond to the Defendants' Answer and, therefore, the Reply will be stricken. See generally Dietz v. Bolden, 579 U.S. 40 (2016) (district courts have the inherent authority to control their dockets with a view towards the efficient and expeditious resolution of cases); Iota Xi Chapter of Sigma Chi Fraternity v. Patterson, 566 F.3d 138 (4th Cir. 2009) (same).

Finally, the Plaintiff has filed a Letter, which is construed as a Motion, in which he states that he was attacked by an Officer Corbert on June 30, 2022 "in retaliat[ion] of a grievance"; that he has not received any medical treatment or a use of force report; that he has been in a cell without a mattress, medication, or legal materials for five days; and that the "superiors responsible for this [are] Sgt. Bernett, Sgt. Couper, Sgt, Greenwood, Unit Manager Mr. Walker and Supervisor – Billy Couper, Sgt. Gillis." [Doc. 38 at 1]. He asks the Court to "post-pone the case/provide extension if necessary…." [Id.].

To the extent that the Plaintiff is attempting to supplement the Complaint with new defendants and claims, the Motion is denied. The Federal Rules of Civil Procedure provide that a court may permit supplemental pleading setting forth events that happened after the pleading that is to be supplemented was filed. See Fed. R. Civ. P. 15(d). However,

5

the instant Motion addresses individuals who are not presently defendants, and incidents that are alleged to have occurred recently at the Granville Correctional Institution. By contrast, the claims that passed initial review are alleged to have occurred at the Lanesboro Correctional Institution in 2018 and involve separate Defendants. See Fed. R. Civ. P. 18 (addressing joinder of claims); Fed. R. Civ. P. 20 (addressing joinder of parties); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three-strikes provisions of the Prison Litigation Reform Act). The Plaintiff's present attempt to supplement this action with claims and defendants that are unrelated to those presently pending in this action is denied without prejudice for the Plaintiff to raise these claims in a new civil case.[2]

The Plaintiff also asks the Court to stay this action or to grant him an extension of time because he currently lacks access to his legal materials. Extensions of time may be granted before the original time expires, for good cause. Fed. R. Civ. P. 6(b)(1)(A). A court has the inherent authority to stay the proceedings in a case, which is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of

---

[2] The Court expresses no opinion about the merit or procedural viability of such an action.

6

Case 3:20-cv-00565-MR   Document 40   Filed 07/29/22   Page 6 of 8

time and effort for itself, for counsel, and for litigants." <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254 (1936). The determination of whether to grant a motion to stay requires a balancing "of various factors relevant to the expeditious and comprehensive disposition of the cases of action on the court's docket." <u>United States v. Georgia Pac. Corp.</u>, 562 F.2d 294, 296 (4th Cir. 1977). "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." <u>Williford v. Armstrong World Indus., Inc.</u>, 715 F.2d 124, 127 (4th Cir. 1983).

At the time he filed this Motion, the Plaintiff was allegedly without his legal materials for five days following an "attack" by an officer. This short-term deprivation of legal materials fails to demonstrate that a stay is justified by clear and convincing evidence. Nor will the Court grant an extension of time at this juncture; no deadline is imminent and no good cause for an extension exists at this time. The Plaintiff may, of course, file appropriate motions in future if they are warranted by the circumstances.

**IT IS, THEREFORE, ORDERED** that:

1. Defendants Jeremy Carroll, Albert Keith Lambert, and Raven Dawn Mac's Motion to Deem Answer Timely Filed [Doc. 36] is **GRANTED**.

2. Defendants Melissa Dee Abernathy, Phillip I. Bracco, and Derrick Alexander Jones are **DISMISSED WITHOUT PREJUDICE** from this action pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

3. The Plaintiff's "Reply to Defendants' Answer…" [Doc. 37] is **STRICKEN**.

4. The Plaintiff's Letter [Doc. 38] is construed as a Motion to Supplement, for an Extension of Time, and to Stay, and it is **DENIED**.

The Clerk is respectfully instructed to mail the Plaintiff a blank prisoner § 1983 complaint form along with a copy of this Order.

**IT IS SO ORDERED**.

Signed: July 29, 2022

Martin Reidinger
Chief United States District Judge