IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:20-cv-00565-MR

| | | |
|---|---|---|
| **ANTHONY L. HARRIS,** | ) | |
| **Plaintiff,** | ) ) ) | |
| vs. | ) ) | |
| **RAVEN DAWN MAC, et al.,** | ) | **ORDER** |
| **Defendants.** | ) ) ) | |

**THIS MATTER** is before the Court on the Plaintiff's pro se Motions for an Order Compelling Discovery [Docs. 57, 60]; the Plaintiff's Motion for Extension of Time Where Time has Expired [Doc. 58]; and the Defendants' Motion for Extension of Time to File Dispositive Motions [Doc. 59].

The incarcerated Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Lanesboro and Granville Correctional Institutions.[1] The Amended Complaint passed initial review against 20 Defendants on claims of excessive force/sexual abuse, failure to intervene, deliberate indifference to a serious medical need, inhumane conditions of confinement, due process violations, and retaliation, and the

---
[1] The Plaintiff is presently incarcerated at the Granville Correctional Institution.

Court exercised supplemental jurisdiction over the Plaintiff's state law claims for assault and battery and negligence claims. [Doc. 15]. Three Defendants were later dismissed for lack of service. [Doc. 40]. On November 22, 2021, the Court informed the Plaintiff that North Carolina Prisoner Legal Services may be available to assist him in conducting discovery; however, the Plaintiff did not return the form requesting NCPLS's appointment. [See Doc. 16].

On July 29, 2022 the Court entered a Pretrial Order and Case Management Plan setting a discovery deadline of November 16, 2022, and a dispositive motions deadline of December 16, 2022. [Doc. 39]. These deadlines were extended several times. [See Nov. 16, 2022, Dec. 16, 2022, Feb. 15, 2022 Text-Only Orders]. On February 15, 2023, the Court extended the discovery cutoff date to February 16, 2023, the dispositive motions deadline until March 16, 2023, and informed the parties that "NO FURTHER EXTENSIONS will be granted except on a showing of extraordinary circumstances." [Feb. 15, 2023 Text-Only Order].

On February 18, 2023,[2] the Plaintiff filed the a Motion for an Order Compelling Discovery. [Doc. 57]. He claims that he requested video footage in his "1st Request for Motion for Discovery" that was never produced;

---

[2] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

attached to his Motion is a "2nd Request for Production of Documents, Admissions, and Interrogatories" that is undated. [Doc. 57-1].

On March 7, 2023, the Plaintiff filed a second Motion for an Order Compelling Discovery. [Doc. 60]. He seeks "all documents" including investigation and incident reports, and any disciplinary hearing reports referring to the incidents on July 4, 2018; a copy of the "FCC/DCC package" that led to the Plaintiff's placement on HCON on August 28, 2018; and responses to attached interrogatories and requests for admissions that are also dated March 7, 2023. [Id.].

On March 5, 2023, the Plaintiff filed his Motion for Extension of Time asking the Court to extend the discovery deadlines for "Motions for Discovery and Compelling" until April 9 and May 9, 2023, respectively. [Doc. 58]. He claims that some of his property was destroyed by prison staff on October 20, 2022, leaving him "without a complete history of the case." [Id. at 1]. He also appears to claim that extraordinary circumstances exist because he has identified, through discovery, the nurse involved in this case as Colia Adkins rather than Defendant Dena West. [Id. at 2]. The Plaintiff claims that he "has contacted the defendants in good faith" about the extension of time.

The Plaintiff does not certify in the Motions to Compel that he attempted in good faith to resolve the discovery dispute before engaging the

3

Court's assistance. The lack of certification alone warrants the denial of those Motions. Fed. R. Civ. P. 37(a)(1); see also LCvR 7.1(b) (a non-dispositive civil motion "must show that counsel have conferred and attempted in good faith to resolve areas of disagreement or describe the timely attempts of the movant to confer with opposing counsel;" motions that fail to do so "may be summarily denied."). Moreover, the Plaintiff filed the Motions to Compel and the Motion seeking an extension of time after the discovery cutoff date, and he has failed to demonstrate good cause for reopening discovery. See generally Fed. R. Civ. P. 16(b)(4) (a scheduling order may be modified "only for good cause and with the judge's consent"); Ardrey v. United Parcel Service, 798 F.2d 679, 682 (4th Cir. 1986) (the court has "wide latitude in controlling discovery and … [t]he latitude given the district courts extends as well to the manner in which it orders the course and scope of discovery"). Accordingly, the Plaintiff's Motions are denied.

On March 16, 2023, the Defendants filed a timely Motion for Extension of Time to File Dispositive Motions. [Doc. 59]. They seek yet another extension, of 46 days, to file a motion for summary judgment on the grounds that counsel needs to further coordinate and finalize declarations and supporting documents, and because counsel has a heavy caseload. The Defendants have not demonstrated the existence of extraordinary

4

Case 3:20-cv-00565-MR     Document 62     Filed 04/03/23     Page 4 of 5

circumstances as the Court stated it would require for another extension of time. Accordingly, the Defendants' Motion for an extension for another 46 days is denied. The Court will grant the parties a brief extension to file their dispositive motions.

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's Motions for an Order Compelling Discovery [Docs. 57, 60] are **DENIED**.

2. The Plaintiff's Motion for Extension of Time Where Time has Expired [Doc. 58] is **DENIED**.

3. The Defendants' Motion for Extension of Time to File Dispositive Motions [Doc. 59] is **GRANTED IN PART AND DENIED IN PART**. Dispositive motions must be filed by **April 14, 2023**.

**IT IS SO ORDERED.**

Signed: April 3, 2023

Martin Reidinger
Chief United States District Judge