IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:20-cv-00565-MR

| | |
|---|---|
| **ANTHONY L. HARRIS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **RAVEN DAWN MAC, et al.,** ) | **ORDER** |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's pro se Notices of Deposition by Written Questions [Docs. 66, 69], Motions to Compel Discovery [Docs. 67, 70], and Motion for an Extension of Time to Respond to Discovery Requests [Doc. 68].

The incarcerated Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Lanesboro Correctional Institution. [Doc. 1]. The Amended Complaint passed initial review on November 22, 2021 [Doc. 15], and the Defendants filed Answers on May 23, 2022 [Doc. 29] and June 13, 2022 [Doc. 35]. On July 29, 2022, the Court entered a Pretrial Order and Case Management Plan setting the deadline to complete discovery as November 16, 2022, and the deadline to file dispositive motions as December 16, 2022. [Doc. 30]. The Court

subsequently extended the discovery and dispositive motions deadlines to February 16, 2023 and March 16, 2023, respectively. [Feb. 15, 2023 Text-Only Order; see also Nov. 16, 2022 and Dec. 16, 2022 Text-Only Orders]. The Court cautioned the parties that "NO FURTHER EXTENSIONS will be granted except on a showing of extraordinary circumstances." [Feb. 15, 2023 Text-Only Order].

The Plaintiff filed Motions to Compel and for an extension of time to respond to discovery requests in February and March, after the discovery deadline had expired [Docs. 57, 58, 60]; and the Defendants filed a timely Motion to extend the deadline to file dispositive motions by 46 days on March 16, 2023. [Doc. 59]. The Court denied all of the Motions on April 3, 2023 because *inter alia* none of the parties had demonstrated the existence of extraordinary circumstances. [Doc. 62]. It granted a brief extension of time, until April 14, 2023, for the parties to file dispositive motions. [Id.].

In the present Motions to Compel and to extend the discovery deadline [Docs. 67, 68, 70], all of which are dated April 7, 2023 and are post-marked April 12, 2023,[1] the Plaintiff seeks to compel Defendant Albert Lambert to respond to his requests for production of documents, interrogatories, and

---

[1] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

admissions that are dated April 10, 2023 [see Doc. 70-1]. The Plaintiff has also filed Notices, dated April 10, 2023, purporting to schedule Defendants Kevin Ingram, Kevin White, Albert Lambert, Kevin Messier, Raven Dawn Mac, and Sandra Collins for depositions by written question. [Docs. 66, 69].

The Motions to Compel and for an Extension of Time are denied because the Plaintiff has again failed to adequately justify his requests to reopen discovery. [See Doc. 62]. The Plaintiff's Notices of Deposition by Written Questions are, therefore, moot and they will be stricken.[2] [Docs 66, 69].

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's Motions to Compel Discovery [Docs. 67, 70] and Motion for an Extension of Time to Respond to Discovery Requests [Doc. 68] are **DENIED**.

---

[2] Moreover, the Plaintiff has failed to comply with the applicable rules for taking depositions by written question by, for instance, identifying the officer before whom the depositions will be taken. See Fed. R. Civ. P. 31(a)(3). Further, he fails to state that he is willing or able to pay the expenses related to taking and recording such depositions. See generally United States v. MacCollom, 426 U.S. 317, 321 (1976) ("The established rule is that the expenditure of public funds is proper only when authorized by Congress...."); see also Fed. R. Civ. P. 30(b)(3) (the party noticing a deposition must state in the notice the method for recording the testimony, and "[t]he noticing party bears the recording cost"). Accordingly, even if the Notices had been timely filed, they would still be dismissed.

3

2. The Plaintiff's Notices of Deposition by Written Questions [Docs. 66, 69] are **STRICKEN**.

**IT IS SO ORDERED.**

Signed: April 24, 2023

Martin Reidinger
Chief United States District Judge